Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7312 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Chad Pfeifer vs. Metropolitan Siding & Windows | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion order, the Court hereby denies the defendant's motions to dismiss [3-2], [3-2] in there entirety. The Court's previously set schedule is to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 26 2004 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAD PFEIFER, )
)
Plaintiff, )
)
v. ) No. 03 C 7312
)
METROPOLITAN SIDING & )
WINDOWS, INC., )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Metropolitan Siding & Window, Inc.'s ("MSW") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below we deny the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Chad Pfeifer ("Pfeifer") was employed by MSW in 2000 as a Marketing Manager. Pfeifer claims that in 2000 the president of MSW promised to pay Pfeifer $50,000 a year, plus sales and commissions of 1% of MSW's gross sales for each calendar year. Pfeifer was terminated in 2003 and he claims that MSW has failed to pay $29,260 in commissions still owed to him.

## LEGAL STANDARD

A party may move to dismiss claims over which a district court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In deciding whether to grant a 12(b)(1) motion for lack of subject matter jurisdiction a court "must accept the complaint's well-pleaded factual allegations in as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

In ruling on a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

MSW contends that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. A district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a). MSW argues that the amount in controversy in this action is merely the $29,260 in commissions allegedly owed. MSW contends that Pfeifer filed this action under the false impression that he can bring a claim under the Illinois Sales Representative Act ("ISRA"), 820 ILCS 120/1 *et seq.* which provides for treble damages and attorneys' fees, thereby making the amount in controversy greater than $75,000.

MSW argues that ISRA is not applicable in this action because Pfeifer admits that he was an employee of MSW. The ISRA provides:

> All commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due. Any provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void.

820 ILCS 120/2. The ISRA also states that:

> A principal who fails to comply with the provisions of Section 2 concerning timely payment or with any contractual provision concerning timely payment of commissions due upon the termination of the contract with the sales representative, shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative. Additionally, such principal shall pay the sales representative's reasonable attorney's fees and court costs.

820 ILCS 120/3. As indicated in the statutory text above, the ISRA applies to sales representatives. The ISRA provides that:

> "Sales representative" means a person who contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission, *but shall not include* one who places orders or purchases for his own account for resale *or one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act* [FN1].

820 ILCS 120/1(4)(emphasis added). The Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, states:

> As used in this Act, the term "employee" shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:
> (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
> (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and
> (3) who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2. MSW argues that Pfeifer admits that he was an employee of MSW because Pfeifer states in his complaint that "[a]t all times referred to in this Complaint, up to and including May 10, 2003, Plaintiff was employed by Metropolitan as Metropolitan's Marketing Manager." We agree with Pfeifer that simply because he used the verb "employed" does not necessarily mean that he should be deemed an "employee" as defined by the IWPCA. The word "employee" is a term of art in the act and usage of the verb "employed" in the complaint did not necessarily mean anything more than that Pfeifer worked for MSW. We acknowledge that the fact that Pfeifer was MSW's Marketing Manager and was paid a salary would suggest that he was an employee of MSW. However, for the purposes of these motions to dismiss we are required to accept as true all well-pled facts and make all reasonable inferences in favor of Pfeifer, the non-movant. MSW's arguments fail to consider the proper legal standard. This is clearly indicated in MSW's reply when it argues that "[c]ommon usage of the terms used by

Plaintiff in the complaint would lead any reasonable reader to the conclusion that plaintiff was an employee of Metropolitan." This argument is premature and is better suited for a summary judgment motion. We are not convinced that Pfeifer "can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. It is possible based on the facts provided in the complaint that Pfeifer qualifies for one of the exceptions to the definition of "employee" in the IWPCA. Pfeifer is not required to plead each and every fact in support of his claim. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). He has pled the operative facts necessary to give MSW notice of his claim as required. *Kyle*, 144 F.3d at 444-45.

Since Pfeifer is seeking to invoke this court's jurisdiction he has the burden of establishing that jurisdiction exists. *Adams Street Joint Venture v. Harte*, 231 F.Supp.2d 759, 761 (N.D. Ill. 2002). However, absent "evidence raising a fact question as to subject matter jurisdiction, the court's inquiry is limited [to] . . . whether the complaint's allegations, construed in a light most favorable to the [plaintiff,] are sufficient to support subject matter jurisdiction." *Id.*

We note that MSW also has filed a concise motion to dismiss and it fails to offer any reasoning or facts why Pfeifer does not qualify for one of the exceptions to the definition of "employee." Although, we are allowed to consider extraneous evidence and look beyond the complaint in determining whether or not we have subject matter jurisdiction, *United Transp. Union*, 78 F.3d at 1210, neither MSW nor Pfeifer has submitted any additional information or evidence in regards to the motion to dismiss. MSW simply maintains that Pfeifer admits to being an employee under the IWPCA because he used the verb "employed" in his complaint and therefore we should dismiss the claims against MSW. Not only is such a suggestion an overly rigid and inequitable application of the law, it is inconsistent with the legal standard for a motion

to dismiss and the IWPCA itself. In the first two exceptions to the definition of "employee" the IWPCA makes specific reference to the non-employee's "work" for his "employer." Thus it is consistent with the IWPCA to state that a non-employee may be "employed" by his employer without being deemed an "employee" under the IWPCA. We are not ruling that Pfeifer is an employee or is not an employee under the IWPCA. We are merely ruling that, at this juncture, and based on the facts before us, we cannot say that Pfeifer was an "employee" under the IWPCA and cannot be deemed a sales representative under ISRA and recover treble damages. Therefore, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis we deny the motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 23, 2004